**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOB HILL GENERAL STORES, INC., | No. 19-72429 |
| Petitioner, | NLRB No. 20-CA-209431 |
| v. | |
| NATIONAL LABOR RELATIONS BOARD, | MEMORANDUM[*] |
| Respondent, | |
| _____ | |
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 5, | |
| Intervenor. | |

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | No. 19-72523 |
| Petitioner, | NLRB No. 20-CA-209431 |
| v. | |
| NOB HILL GENERAL STORES, INC., | |
| Respondent, | |
| _____ | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

UNITED FOOD AND COMMERCIAL
WORKERS UNION, LOCAL 5,

  Intervenor.

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted November 18, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit
Judges.

  Nob Hill General Stores, Inc. ("Nob Hill") petitions for review of an order of

the National Labor Relations Board ("the Board"). The Board determined that

Nob Hill violated Section 8(a)(5) and (1) of the National Labor Relations Act by

failing to provide information requested by Intervenor United Food and

Commercial Workers Union, Local 5 ("the Union") for the purpose of

administering the collective bargaining agreement ("CBA"). The Board cross-

petitions for enforcement of the order. We deny Nob Hill's petition for review and

grant the Board's cross-petition.

  **1.** It is an unfair labor practice for an employer to refuse to provide a union

with information relevant to its duties, including the administration of a CBA.

*NLRB v. Associated Gen. Contractors of Cal., Inc.*, 633 F.2d 766, 770 (9th Cir.

1980). "The Board may order production of information relevant to a dispute if

there is some probability that it would be of use to the union in carrying out its

2

statutory duties and responsibilities" under the CBA, even when there is a dispute as to whether the underlying CBA issue could give rise to a potentially meritorious grievance. *NLRB v. Safeway Stores*, *Inc.*, 622 F.2d 425, 430 (9th Cir. 1980). Although we interpret CBAs de novo, *see Int'l Longshore & Warehouse Union, Local 4 v. NLRB*, 978 F.3d 625, 640–41 (9th Cir. 2020), where the issue is information production, we need only determine that there is "some probability" that the information would be useful to administration of the CBA. *Safeway Stores*, *Inc.*, 622 F.2d at 430.

Nob Hill contends that the language of its CBA with the Union entirely forecloses any probability that the information requested in this case could be useful to the Union in administering the CBA. For this position, Nob Hill relies on the "notwithstanding clause" in section 1.13, which reads, in relevant part: "Notwithstanding any language to the contrary contained in this Agreement between the parties, it is agreed this Agreement shall have no application whatsoever to any new food market or discount center until fifteen (15) days following the opening to the public of any new establishment."

As Nob Hill stresses, "a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section." *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993). But a "notwithstanding" clause is necessarily tethered to other language

that determines its scope; the clause has no independent meaning. Here, the "notwithstanding" clause precludes the application of the CBA "to any new food market or discount center" for fifteen days after opening. But the provisions that the Union sought to administer, such as section 4.9, governing transfers of employees, and section 1.11, relating to individual contracts between covered employees and Nob Hill, applied to currently covered employees. That the issues here involve changes resulting from the new store does not necessarily mean that applying those provisions *to current employees* is equivalent to applying the CBA *to the new store*.

Nob Hill argues that the Board erred in reading section 1.13 as an "after acquired stores clause," affecting only Nob Hill's obligation to recognize the Union for the new store under section 1.1 of the CBA after 15 days have passed. *See Alpha Beta Co.*, 294 NLRB 228, 229 (1989). The clause may apply more broadly, delaying other CBA provisions as well as section 1.1. *See Raley's*, 336 NLRB 374, 377 (2001) (describing section 1.13 as "delay[ing] application of the other provisions . . . to new stores"). Nob Hill asserts, for instance, that the Union cannot enforce section 1.13's requirement for a new store to be staffed by a cadre that includes current employees until after the store has been opened for fifteen days. The Union argues that the section applies by its language to current employees and includes a provision continuing trust fund contributions for

4

employees in the "cadre," demonstrating its continuous application. But disputes of this kind over whether a grievance alleging potential violations before and after the fifteen-day period could succeed do not foreclose the Board's relevance determination for information production purposes. *See Safeway Stores*, *Inc.*, 622 F.2d at 430. Neither this Court nor the Board is required to "decide whether a contract violation would be found" to determine that an information request is relevant to contract administration. *Dodger Theatricals Holdings*, 347 NLRB 953, 970 (2006). "[W]hen it order[s] the employer to furnish the requested information to the union, the Board [is] not making a binding construction of the labor contract." *NLRB v. Acme Indus. Co.*, 385 U.S. 432, 437 (1967).

The "notwithstanding" clause therefore does not allow Nob Hill to refuse to provide information relevant to current employees' interests under the CBA in connection with the future opening of a new store.

**2.** Substantial evidence supports the Board's determination that the Union's information request was relevant to administering the CBA. The Union bears the burden of showing relevance for information concerning employees outside the bargaining unit, but that showing is subject to "a liberal, 'discovery-type' standard," *Press Democrat Publ'g Co. v. NLRB*, 629 F.2d 1320, 1325 (9th Cir. 1980) (quoting *Acme*, 385 U.S. at 437), and requires only a "probability that the desired information was relevant, and that it would be of use to the union in

5

carrying out its statutory duties and responsibilities," *Acme*, 385 U.S. at 437. "[T]he Board's determination as to whether the requested information is relevant in a particular case is given great weight by the courts." *San Diego Newspaper Guild, Local No. 95 v. NLRB*, 548 F.2d 863, 867 (9th Cir. 1977).

Applying the deference due the Board's determination, we uphold the Board's conclusion that information about the classifications and numbers of positions at the new store and the unit and non-unit employees who requested and were offered transfers, could be useful to assess the application of the CBA's transfer and staffing provisions to unit employees. Information about how unit members could request a transfer and how members could be hired at the new store relate to the terms of transfer of currently represented employees. *See Kansas Educ. Ass'n*, 275 NLRB 638, 640 (1985). Pay scales, benefit plans, and the employee handbook of the new store could have been of use to the Union's enforcement of section 1.11's prohibition on individual employment agreements that reduce wages and benefits of covered employees.

Given the "great weight" afforded the Board in determining whether the Union met its burden, *San Diego Newspaper Guild*, 548 F.2d at 867, the Board's relevance conclusion was not erroneous.[1]

---

[1] Nob Hill does not contest the Board's determination that Nob Hill's nearly three-month delay in providing some of the requested information was unreasonable and a separate violation of Section 8(a)(5) and (1) of the National Labor Relations Act.

The petition is **DENIED**, and the Board's order is **ENFORCED.**

---

As we affirm the Board's relevance conclusion, the Board is entitled to enforcement of its decision and order as to the delay.